**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | § | |
| *Plaintiff* | § | |
| | § | **Case No. 1:25-cr-00080-ADA-SH-2** |
| **v.** | § | |
| | § | |
| **Angela Silcox (2),** | § | |
| *Defendant* | § | |

### <u>Order on Jury Selection and Motion for *Frye/Lafler* Hearing</u>

Before the Court are the Government's Motion for a *Frye/Lafler* Hearing, filed April 3, 2026 (Dkt. 110), and Defendant Angela Silcox's Response in Opposition to USA Motion for an *Ex Post Facto Frye-Lafler* Hearing on a Plea Offer that it Has Already Withdrawn, filed April 13, 2026 (Dkt. 115).[1]

Having carefully considered the parties' arguments, and finding good cause therefor, this Magistrate Judge **GRANTS** the Government's Motion for a *Frye/Lafler* Hearing (Dkt. 110) and **ORDERS** the parties to appear for a *Frye/Lafler* Hearing **9 a.m. Friday, April 17, 2026** in **Courtroom 5** on the Sixth Floor of the United States Courthouse, 501 West Fifth Street, Austin, Texas 78701.

By referral of the District Court (Dkt. 107), jury selection will proceed before this Magistrate Judge in **Courtroom 5** at **9:30** at **a.m. Friday, April 17, 2026**. The Court will address any issues concerning the following jury selection plan immediately after the *Frye/Lafler* hearing.

---

[1] On July 9, 2025, the District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges.

<u>**Jury Selection Plan**</u>

I.    **Welcome**

    A.    Venire seated

    B.    Explanation of purpose of voir dire examination

    C.    Initial instructions

II.    **General Questions (with follow-up questions as needed)**

    A.    Anticipated trial length (2 days): Undue hardship/special problem?

    B.    Statement of facts:

> The United States has charged Angela Silcox in an indictment with one count of conspiracy to possess with intent to distribute methamphetamine beginning on or about January 2025 and continuing until on or about January 28, 2025, and one count of possession with intent to distribute methamphetamine on or about January 28, 2025, both in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). Mrs. Silcox denies these allegations and has pled not guilty.

    C.    Counsel, defendant, and witness introductions: Do you or any immediate family member know any of them? Have you been employed by, heard or read anything, or formed an opinion about them?

    D.    Do you have any knowledge of other panel members or the courthouse judges and staff?

    E.    Do you know anything about this case?

    F.    Have you or any member of your immediate family ever participated in a lawsuit as a party, witness, or in any other capacity?

    G.    Do you have any legal training, education, or work experience?

    H.    Instructions on evidence and law: Are you able and willing to render a verdict solely on the evidence presented at the trial in the context of the law?

    I.    Instructions on burden of proof in criminal cases:

        a.    Defendant is presumed by the law to be innocent.

        b.    Are you able to require the Government to prove Defendant's guilt beyond a reasonable doubt and not hold them to a greater or lesser standard of proof?

        c.    Would you have trouble presuming Mrs. Silcox is innocent until the Government provides its case beyond a reasonable doubt?

**III.    Specific Questions Requested by Parties (with follow-up questions as needed)**

A.    Have you or a close friend or family member ever been arrest for or accused of a crime other than a minor traffic offense?

B.    Have you or a close friend or family member ever been a victim of a crime?

C.    Have you ever been a witness in a criminal case? What type?

D.    Do you have any strong feelings about the drug laws of the United States?

E.    Do you have any strong feelings about or objections to use or possession of illegal drugs?

F.    Have you or a close friend or family member ever been personally affected by substance abuse, drug trafficking, or drug-related violence?

G.    Do you have any opinions about or experiences with methamphetamine or other illegal drugs that would make it difficult for you to be an impartial juror on a case of this type?

H.    The evidence in this case may include information about the use or possession of firearms and other incendiary devices. Do you have strong feelings about firearms or firearms laws?

I.    Have you ever worked for any law enforcement agency? Do you have any strong feelings, positive or negative, about law enforcement? Would you tend to believe or disbelieve the testimony of a law enforcement officer more than the testimony of any other witness?

J.    Have you or any of your close family members or friends ever been employed by the federal government or had a legal dispute with the federal government?

K.    Do you think the fact that the federal government is a party here might affect the way you would think about this case and your ability to be fair and impartial?

L.    A defendant has the right not to testify, and a juror may not consider a defendant's decision not to testify as any evidence of his or her guilt. If Mrs. Silcox chooses not to testify in this trial, is there anyone who would hold it against her or consider it evidence of her guilt?

M.    Is there anybody here whose religious, moral, or other beliefs make it difficult or impossible to sit in judgment of another person?

N.    If Mrs. Silcox is convicted of any count, it will be the Court's job to decide what the punishment will be. The law does not allow jurors to consider or discuss sentencing or punishment when reaching a verdict.

   a.    Is there anybody here who would find it difficult or impossible to reach a decision about Mrs. Silcox's guilt without considering punishment?

   b.    Is there anybody here who would have difficulty finding Mrs. Silcox guilty, even if you were convinced of her guilt beyond a reasonable doubt, simply because you would not be allowed to decide the punishment?

IV.    **Questions from Plaintiff's Counsel (20 minutes)**

V.    **Questions from Defendant's Counsel (20 minutes)**

VI.    **Final Questions by the Court, including any matter for the Court's attention**

VII.    **Recess**

    A.   Jurors are excused

    B.   Attorneys may exercise challenges for cause and peremptory challenges pursuant to Rule 24(b)(2): 6 for the Government, 10 for Defendant

    C.   Twelve jurors are selected

VIII.    **Jurors Return to Courtroom**

    A.   Stricken jurors are excused

    B.   Jury is sworn and preliminary instructions are provided

**SIGNED** on April 14, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE